UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
ZULAY ANDREA ALVAREZ, GERARDO AYALA, ANIBAL
YAGUACHI CAMPOVERDE, EDUARDO GABRIEL
VILLAFUERTE CHAVEZ, CESAR CUA, RAFAEL
HERNANDEZ, OSCAR SANCHEZ JUAREZ, EDUARDO
MUNOZ, ELIAS ANTONIO CHAVEZ PENA
ALEJANDRO PEREZ, on behalf of themselves, and those similarly
situated,

              Plaintiffs,

v.

FINE CRAFTSMAN GROUP, LLC, JOSEPH ZYSKOWSKI,
and KRZYSZTOF POGORZELSKI, jointly and severally,

              Defendants.
------------------------------------------------------------------------------x

**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND**

      Plaintiffs, ZULAY ANDREA ALVAREZ, GERARDO AYALA, ANIBAL YAGUACHI CAMPOVERDE, EDUARDO GABRIEL VILLAFUERTE CHAVEZ, CESAR CUA, RAFAEL HERNANDEZ, OSCAR SANCHEZ JUAREZ, EDUARDO MUNOZ, ELIAS ANTONIO CHAVEZ PENA, and ALEJANDRO PEREZ individually, and upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

      1.    This lawsuit seeks to recover unpaid minimum wages, unpaid overtime, and statutory penalties for notice-and-record keeping violations for Plaintiffs and all others similarly situated. These named Plaintiffs are hourly employees who have worked at Defendants' construction company, corporately owned as Fine Craftsman Group, LLC, with offices at 74-06 Metropolitan Avenue, Middle Village, NY 11379 (hereinafter "Fine Craftsman").

2.      Defendants have deprived Plaintiffs and their co-workers of minimum wages and overtime pay since at least on or about October 23, 2016, in violation of the Fair Labor Standards Act ("FLSA").

3.      Defendants have deprived Plaintiffs of minimum wages and overtime pay since at least on or about October 23, 2013, in violation of the New York Labor Law ("NYLL").

4.      Defendants have violated notice-and-record keeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL § 195(3).

5.      Defendants have violated notice-and-record keeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

6.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§ 201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.* This Court

has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

8.    As stated below Fine Craftsman is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. § 203(s).

9.    Upon information and belief, Fine Craftsman is subject to personal jurisdiction in the State of New York since it is located in Queens County, State of New York.

10.   Venue is proper in this District because Defendants conduct business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### DEFENDANTS

11.   Defendant Fine Craftsman Group, LLC, is a New York limited liability company doing business as Fine Craftsman Group with offices at 74-06 Metropolitan Avenue, Middle Village, NY 11379.

12.   Individual Defendant Joseph Zyskowski (hereinafter "Defendant Zyskowski") on information and belief is a resident of Queens County, New York. Defendant Zyskowski who at all times relevant to this complaint has been an owner and manager of Fine Craftsman.

13.   Individual Defendant Zyskowski had supervisory control over all Plaintiffs at all times relevant. Further, Individual Defendant Zyskowski had substantial control over Plaintiffs' wages, hours and working conditions.

14.   Individual Defendant Krzysztof Pogorzelski (hereinafter "Defendant Pogorzelski") on information and belief is a resident of Queens County, New York. Defendant Pogorzelski at all times relevant to this complaint has been an owner and manager of Fine Craftsman.

15.     Individual Defendant Pogorzelski had supervisory control over all Plaintiffs at all times relevant. Further, Individual Defendant Pogorzelski had substantial control over Plaintiffs' wages, hours, and working conditions.

16.     Upon information and belief, based on information provided by Plaintiffs, employees of Defendants, Fine Craftsman is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Fine Craftsman is a thriving contractor with several multimillion-dollar renovation contracts. As such, based on Plaintiffs' personal knowledge of Defendants' business, as well as upon information and belief, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203.

17.     Upon information and belief, as well as first-hand knowledge of Plaintiffs, employees of Defendants, Fine Craftsman regularly conducted interstate business. Specifically, Fine Craftsman has regularly accepted credit card payments debiting funds from out-of-state bank accounts. In addition, many of the construction materials used originate out of state.

18.     Defendants are covered employers within the meaning of the FLSA 29 U.S.C. § 203(d) and NYLL § 190.

## PLAINTIFFS

### Allegations Common To All Named Plaintiffs

19.     For all of the named Plaintiffs whose individual factual allegations are stated below, (and except those specifically noted) the following common facts apply to each of the named Plaintiffs, as well as all those similarly situated Collective Action Plaintiffs:

- At all times relevant, Defendants failed to provide Plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

- At all times relevant, Defendants failed to provide Plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

- At all times relevant, Defendants have failed to pay Plaintiffs in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- At all times relevant, Defendants paid Plaintiffs a day rate rather than on an hourly basis as required.

- At all times relevant, Defendants failed to pay Plaintiffs at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§ 650 *et seq.* and regulations promulgated thereunder.

- At all times Plaintiffs were paid in cash.

## DEFENDANTS' MINIMUM WAGE VIOLATIONS

20.     Both the FLSA and NYLL require that employees be paid a minimum wage, as per 29 U.S.C. § 206; N.Y. Lab. Law § 652.

21.     The federal hourly minimum wage during the times relevant to this action was $7.25

22.      The state hourly minimum wage during the times relevant to this action, applicable to large employers, was:

- on and after December 31, 2013: $8.00 per hour;

- on and after December 31, 2014: $8.75 per hour;

- on and after December 31, 2015: $9.00 per hour

- on and after December 31, 2016: $11.00 per hour;

- on and after December 31, 2017: $13.00 per hour; and

- on and after December 31, 2018: $15.00 per hour;

23.     At all times relevant Defendants paid Plaintiffs a day rate and failed to pay Plaintiffs on an hourly basis and to pay minimum wages.

24.     At all times relevant Plaintiffs received weekly payment, part of which was in cash given to employees in an envelope.

25.     Upon information and belief, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiffs' hours and wages, including any allowances claimed, deductions claimed or tips received by Plaintiffs, in violation of the FLSA, NYLL and federal and state regulations. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

26.     Upon information and belief, during Plaintiffs' employment with Defendants, Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights as required under the FLSA and federal and state regulations or otherwise provide Plaintiffs with information about their legal rights.

## DEFENDANTS' OVERTIME VIOLATIONS

27.      At no time did Defendants pay Plaintiffs overtime.

28.     Upon information and belief, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiffs' actual hours worked and wages, in violation of the FLSA, NYLL and federal and state regulations. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

## DEFENDANTS' NONPAYMENT PERIOD: AUGUST-OCTOBER 2018

29.     In addition to Defendants ordinary nonpayment of overtime and minimum wage, for a series of weeks from August to October 2018, Defendants failed to pay Plaintiffs any wages whatsoever.

30.     Defendants knowingly and willfully failed to do so, admitting that such wages were owed and then failing to pay Plaintiffs after repeated requests.

<u>**Individual Factual Allegations**</u>

**Plaintiff Zulay Andrea Alvarez**

31.     Plaintiff Zulay Andrea Alvarez ("Plaintiff Alvarez") is an adult Hispanic individual who is a resident of Queens County, State of New York.

32.     As a cleaner for Defendant Fine Craftsman, Plaintiff Alvarez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

33.     Plaintiff Alvarez was employed by Defendant Fine Craftsman from on or about July 12, 2018 to on or about October 19, 2018.

34.     From on or about July 12, 2018, to on or about October 19, 2018, Plaintiff Alvarez generally worked forty (40) hours per week for Defendants. That is, in such period, Plaintiff Alvarez worked from 8 a.m. to 4:30 p.m. five (5) days a week and she normally received an unpaid half-an-hour break daily.

35.     Plaintiff Alvarez was paid a flat daily rate of $100, and thus received $500 per week for five days' work, or 40 hours.

36.     Plaintiff Alvarez's total weekly hours divided by total weekly pay reveals that she was paid a straight time rate of $12.50 per hour. Thus, Plaintiff was not paid minimum wage as required.

Nonpayment For Four Weeks: September-October 19, 2018

37.     Further, Plaintiff Alvarez was not paid at all for her last four weeks of work from on or about September 24, 2018, to October 19, 2018.

38.     After repeated requests that Defendants pay the unlawfully withheld wages, and repeated broken promises by Defendants to do so, Plaintiff arrived at work to find no one at the worksite.

39.     Additionally, Defendants were holding one week's pay as a "deposit" on Plaintiff Alvarez's last day, and Plaintiff Alvarez was never reimbursed for this unlawfully withheld week of pay due from her first week of employment.

**Plaintiff Gerardo Ayala**

40.     Plaintiff Gerardo Ayala ("Plaintiff Ayala") is an adult Hispanic individual who is a resident of Kings County, State of New York.

41.     As a finishing carpenter for Defendant Fine Craftsman, Plaintiff Ayala is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

42.     Plaintiff Ayala was employed by Defendant Fine Craftsman from on or about March 1, 2018 to on or about December 15, 2018.

43.     Plaintiff Ayala worked at the following (non-exhaustive) list of job sites: 61 E. 7th Street and 236 W. 10th Street among others.

44.     From on or about March 1, 2018 to on or about December 15, 2018, Plaintiff Ayala at all times worked forty-nine (49) hours per week for Defendants. That is, in such period, Plaintiff Ayala worked from 8 a.m. to 4:30 p.m. five (4) days a week and 8 a.m. to 5 p.m. two (2) days a week and he normally received an unpaid half-an-hour break daily.

45.     Plaintiff Ayala was paid a flat daily rate of $180, and was thus paid a total of $1,080 per week for 49 hours, for a straight time rate of $22.04 per hour.

46.     At all times relevant, Plaintiff Ayala was not paid any overtime premium for his hours worked above 40 in a given workweek.

Nonpayment For Five Weeks: August-September 2018

47.     Starting in or about August 2018, Plaintiff Ayala was not paid for five weeks of work through September 2018. Thus, Plaintiff Ayala was deprived of minimum wage and overtime in this period.

48.     After repeated requests that Defendants pay the unlawfully withheld wages, and repeated broken promises by Defendants to do so, Plaintiff Ayala abandoned his job because of the nonpayment.

49.     Additionally, Defendants were holding one week's pay as a "deposit" on Plaintiff Ayala's last day, and Plaintiff Ayala was never reimbursed for this unlawfully withheld week of pay due from his first week of employment.

**Plaintiff Anibal Yaguachi Campoverde**

50.     Plaintiff Anibal Yaguachi Campoverde ("Plaintiff Campoverde") is an adult Hispanic individual who is a resident of the Bronx County, State of New York.

51.     As a painter/taper for Defendant Fine Craftsman, Plaintiff Campoverde is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

52.     Plaintiff Campoverde was employed by Defendant Fine Craftsman from in or about May 2018 to on or about October 19, 2018.

53.     From in or about May 2018 to on or about September 4, 2018, Plaintiff Campoverde at all times worked forty-eight (48) hours per week for Defendants. That is, in such period, Plaintiff Campoverde worked from 8 a.m. to 4:30 p.m. six (6) days a week for a total of 48 hours per week. He received an unpaid half-an-hour break daily.

54.     Plaintiff Campoverde was paid a flat daily rate of $180, and thus was paid a total of $1,080 per week, for a straight time rate of $22.50 per hour for those weeks where he regularly worked 6 days per week.

55.     At all times relevant, Plaintiff Campoverde was not paid any overtime premium for any hours worked above 40 in a given workweek.

Nonpayment For Four Weeks: September-October 18, 2018

56.     Further, for a four-week period, from on or about September 24, through on or about October 19, 2018, Defendants unlawfully withheld Plaintiff Campoverde's wages in their entirety.

57.     Thus, Plaintiff Campoverde was deprived of minimum wage and overtime in this period.

58.     Specifically, in or about the week of September 24-30, 2018, Plaintiff Campoverde worked a 7-day week and received no pay.

59.     From in or about October 1-5, 2018, Plaintiff Campoverde worked for five days, from in or about October 8-13, he worked for five days, and from in or about October 15-19, 2018, he worked for four days. At no time was he paid for this work.

60.     After repeated requests that Defendants pay the unlawfully withheld wages, and repeated broken promises by Defendants to do so, on October 18, 2018, Plaintiff Campoverde arrived to the work site only to find that no one was there.

61.     Additionally, Defendants were holding one week's pay as a "deposit" on Plaintiff Campoverde's last day, and Plaintiff Campoverde was never reimbursed for this unlawfully withheld week of pay.

**Plaintiff Eduardo Gabriel Villafuerte Chavez**

62.     Plaintiff Eduardo Gabriel Villafuerte Chavez ("Plaintiff Chavez") is an adult Hispanic individual who is a resident of Kings County, State of New York.

63.     As a carpenter for Defendant Fine Craftsman, Plaintiff Chavez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

64.     Plaintiff Chavez was employed as a carpenter's helper by Defendant Fine Craftsman from on or about December 1, 2017, to on or about April 11, 2019.

65.     From on or about December 1, 2017, to on or about April 11, 2019, Plaintiff Chavez at all times worked forty-three and a half (43.5) hours per week for Defendants. That is, in such period, Plaintiff Chavez worked from 8 a.m. to 5 p.m. four (4) days a week, 8 a.m. to 4:30 pm one (1) day a week, minus three (3) half an hour breaks per week for a total of 43.5 hours per week.

66.     Plaintiff Chavez was paid a flat daily rate of $150, and thus was paid a total of $750 per week, for a straight time rate of $17.24 per hour.

67.     At all times relevant, Plaintiff Chavez was not paid any overtime premium for any hours worked above 40 in a given workweek.

68.     Further in March 2019 Chavez expressly requested why he was not being paid overtime to no avail.

Nonpayment For Nine Weeks: August-October 2018

69.     Further, for a nine-week period, from on or about August through October 2018, Defendants unlawfully withheld Plaintiff Chavez's wages in their entirety.

70.     Thus, Plaintiff Chavez was deprived of minimum wage and overtime in this period.

71.     After repeated requests that Defendants pay the unlawfully withheld wages, and repeated broken promises by Defendants to do so, Defendants finally paid Plaintiff Chavez for five unpaid weeks, at the $700 rate.

72.     Plaintiff Chavez thus has been paid nothing for four weeks worked in the nonpayment period. Further he is owed overtime for those weeks he was repaid for in the period.

73.     Additionally, Defendants were holding one week's pay as a "deposit" on Plaintiff Chavez's last day, and Plaintiff Chavez was never reimbursed for this unlawfully withheld week of pay due from his first week of employment..

**Plaintiff Cesar Cua**

74.     Plaintiff Cesar Cua ("Plaintiff Cua") is an adult Hispanic individual who is a resident of Kings County, State of New York.

75.     As a carpenter for Defendant Fine Craftsman, Plaintiff Cua is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

76.     Plaintiff Cua was employed by Defendant Fine Craftsman from on or about July 4, 2018, to on or about January 4, 2019.

77.     Plaintiff Cua worked at the following (non-exhaustive) list of job sites: 236 W. 10th Street and 61 E. 7th Street, among others.

78.     From on or about July 4, 2018, to on or about January 4, 2019, Plaintiff Cua generally worked fifty-four (51) hours per week for Defendants. That is, in such period, Plaintiff

Cua worked from 8 a.m. to 5 p.m. six (6) days a week and he normally received an unpaid half-an-hour break daily.

79.     Plaintiff Cua was paid a flat daily rate of $180, and thus was paid a total of $1,080 per week, for a straight time rate of $21.76 per hour.

80.     At all times relevant, Plaintiff Cua was not paid any overtime premium for any hours worked above 40 in a given workweek.

Nonpayment For Three Weeks: November 2018

81.     In or about November 2018 Plaintiff Cua was not paid for three weeks of work. Defendant Fine Craftsman began paying again in December, but those three weeks have remained unpaid.

82.     Plaintiff Cua left his employment with the Defendants because he was owed back wages from those three weeks in November.

83.     Plaintiff abandoned his job on or about January 4, 2019, due to this nonpayment.

84.     Additionally, Defendants were holding one week's pay as a "deposit" on Plaintiff Cua's last day, and Plaintiff Cua was never reimbursed for this unlawfully withheld week of pay due from his first week of employment..

**Plaintiff Rafael Hernandez**

85.     Plaintiff Rafael Hernandez ("Plaintiff Hernandez") is an adult Hispanic individual who is a resident of Kings County, State of New York.

86.     As a carpenter for Defendant Fine Craftsman, Plaintiff Hernandez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

87.     Plaintiff Hernandez was a carpenter employed by Defendant Fine Craftsman from on or about February 2018 to on or about October 2018.

88.     Plaintiff Hernandez worked at 236 W. 10th Street among other sites.

89.     From in or about February 2018 to in or about October 2018, Plaintiff Hernandez generally worked forty (40) hours per week for Defendants. That is, in such period, Plaintiff Hernandez worked from 8 a.m. to 4:30 p.m. five (5) days a week. Approximately one to two weeks per month, Plaintiff Hernandez worked six (6) days per week, at the same hours, instead of five days per week, for a total of 48 hours worked in such weeks. He normally received an unpaid half-an-hour break daily.

90.     Plaintiff Hernandez was paid a flat daily rate of $190, and thus when working five days per week was paid a total of $950 per week, for a straight time rate of $23.75; and when working six days per week was paid $1,140 per week, for a straight time rate of $23.75.

91.     At all times relevant, Plaintiff Hernandez was not paid any overtime premium for any hours worked above 40 in a given workweek.

92.     When Plaintiff Hernandez asked for his overtime pay, he was told by Defendant Zyskowski that he would not receive overtime because he was paid in cash.

Nonpayment For Four Weeks: September 24 to October 18, 2018

93.     On or about September 24, 2018, Plaintiff Hernandez stopped receiving his pay from Defendants, and he is owed for four weeks of work.

94.     After repeated requests that Defendants pay the unlawfully withheld wages, and repeated broken promises by Defendants to do so, on October 18, 2018, Plaintiff Hernandez arrived at the work site only to be told by the foreman that no work was available.

95.     Additionally, Defendants were holding one week's pay as a "deposit" on Plaintiff Hernandez's last day, and Plaintiff Hernandez was never reimbursed for this unlawfully withheld week of pay due from his first week of employment.

**Plaintiff Oscar Sanchez Juarez**

96.     Plaintiff Oscar Sanchez Juarez ("Plaintiff Juarez") is an adult Hispanic individual who is a resident of Kings County, State of New York.

97.     As a carpenter for Defendant Fine Craftsman, Plaintiff Juarez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

98.     Plaintiff Juarez was employed by Defendant Fine Craftsman from on or about August 1, 2018, to on or about November 7, 2018.

99.     Plaintiff Juarez worked at the following (non-exhaustive) list of job sites: 236 W. 10th Street; 61 E. 7th Street; 92nd Street and Lexington Avenue; and 121 E. 27th Street among others.

100.    From on or about August 1, 2018, to on or about November 7, 2018, Plaintiff Juarez at all times worked forty-nine (49) hours per week for Defendants. That is, in such period, Plaintiff Juarez worked from 8 a.m. to 4:30 p.m. four (4) days a week and 8 a.m. to 5 p.m. two (2) days a week, and he normally received an unpaid half-an-hour break daily.

101.    Plaintiff Juarez was paid a flat daily rate of $180, and thus was paid a total of $1,080 per week, for a straight time rate of $22.04 per hour.

102.    At all times relevant, Plaintiff Juarez was not paid any overtime premium for any hours worked above 40 in a given workweek.

Nonpayment For Five Weeks: October - November 2018

103.    On or about the beginning of October 2018, Defendants ceased paying Plaintiff Juarez, and he is owed for five (5) of weeks of work.

104.    After repeated requests that Defendants pay the unlawfully withheld wages, and repeated broken promises by Defendants to do so, Plaintiff Juarez abandoned his job because of the nonpayment.

105.    Additionally, Defendants were holding one week's pay as a "deposit" on Plaintiff Juarez's last day, and Plaintiff Juarez was never reimbursed for this unlawfully withheld week of pay due from his first week of employment.

**Plaintiff Eduardo Munoz**

106.    Plaintiff Eduardo Munoz ("Plaintiff Munoz") is an adult Hispanic individual who is a resident of Kings County, State of New York.

107.    As a carpenter's helper for Defendant Fine Craftsman, Plaintiff Munoz is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

108.    Plaintiff Munoz was employed by Defendant Fine Craftsman from on or about December 1, 2017, to on or about April 11, 2019.

109.    Plaintiff Munoz worked at the following (non-exhaustive) job sites for Defendants: 236 W. 10th Street; 61 E. 7th Street; 92nd Street & Lexington Avenue; 725 5th Avenue; 900 Park Avenue, 56 Leonard Street; 103 Park Avenue; 121 E. 27th Street; and work done at the home of Defendant Zyskowski.

110.    From on or about December 1, 2017, to on or about April 11, 2019, Plaintiff Munoz generally worked forty-two and a half (42.5) hours per week for Defendants, and worked approximately eight weeks at fifty-one (51) hours per week over the course of his employment.

That is, in such period, Plaintiff Munoz generally worked from 8 a.m. to 5 p.m. five (5) days a week, and worked approximately eight weeks from 8 a.m. to 5 p.m. six (6) days a week. He normally received an unpaid half-an-hour break daily.

111.    Plaintiff Munoz was paid a flat daily rate of $140, and thus was paid a total of $700 per week for those weeks in which Plaintiff Munoz worked five days, for a straight time rate of $16.47 per hour; and was paid $840 per week for those weeks in which he worked six days, for a straight time rate of $16.47 per hour.

112.    At all times relevant, Plaintiff Munoz was not paid any overtime premium for any hours worked above 40 in a given workweek.

Nonpayment For Nine Weeks: August-September 2018

113.    Plaintiff Munoz had been owed up to nine weeks of backpay dating from in or about August and September 2018, and is presently owed four weeks of unpaid wages.

114.    After repeated requests that Defendants pay the unlawfully withheld wages, and repeated broken promises by Defendants to do so, Plaintiff Munoz abandoned his job because of the nonpayment.

115.    Additionally, Defendants were holding one week's pay as a "deposit" on Plaintiff Munoz's last day, and Plaintiff Munoz was never reimbursed for this unlawfully withheld week of pay due from his first week of employment.

**Plaintiff Elias Antonio Chavez Peña**

116.    Plaintiff Elias Antonio Chavez Peña ("Plaintiff Peña") is an adult Hispanic individual who is a resident of Kings County, State of New York.

117.    As a helper for Defendant Fine Craftsman, Plaintiff Peña is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

118.    Plaintiff Peña has been employed by Defendant Fine Craftsman from on or about July 18, 2018, to on or about November 9, 2018.

119.    Plaintiff Peña worked at the following (non-exhaustive) list of job sites: 61 E. 7th Street; 236 W. 10th Street.

120.    From on or about July 18, 2018, to on or about November 9, 2019, Plaintiff Peña generally worked forty-eight (48) hours per week for Defendants. That is, in such period, Plaintiff Peña worked from 8 a.m. to 4:30 p.m. six (6) days a week, and ordinarily received an unpaid half an hour break daily.

121.    Plaintiff Peña was paid a flat daily rate of $120, and thus was paid a total of $720 per week, for a straight time rate of $15 per hour.

122.    At all times relevant, Plaintiff Peña was not paid any overtime premium for any hours worked above 40 in a given workweek.

Nonpayment For Five Weeks: October-November 2018

123.    Starting on or about October 7th through November 8th, 2018, Plaintiff Peña was not paid for five weeks of work.

124.    After repeated requests that Defendants pay the unlawfully withheld wages, and repeated broken promises by Defendant to do so, Plaintiff Peña abandoned his job because of the nonpayment.

125.    Additionally, Defendants were holding one week's pay as a "deposit" on Plaintiff Peña's last day, and Plaintiff Peña was never reimbursed for this unlawfully withheld week of pay.

**Plaintiff Alejandro Perez**

126.    Plaintiff Alejandro Perez ("Plaintiff Perez") is an adult Hispanic individual who is a resident of Kings County, State of New York.

127.    As a helper and then carpenter for Defendant Fine Craftsman, Plaintiff Perez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

128.    Plaintiff Perez was employed by Defendant Fine Craftsman from on or about April 2016 to September 2019. Plaintiff Perez was employed as a helper from on or about April 2016 to April 2017, and was then promoted to carpenter and employed at such title from on or about April 2017 to September 2019.

129.    Plaintiff Perez worked at the following (non-exhaustive) list of job sites: North Pier & 5th Street; 60th Street & 4th Avenue; 401 E. 50th Street; 236 W. 10th Street; 61 E. 7th Street; 92nd Street & Lexington Avenue; 725 5th Avenue; 900 Park Avenue, 56 Leonard Street; 103 Park Avenue; 121 E. 27th Street; among others as well as work done at the home of Defendant Zyskowski.

130.    From in or about April 2016 to in or about April 2017, Plaintiff Perez at all times worked fifty-four and a half (51.5) hours per week for Defendants. That is, in such period, Plaintiff Perez worked from 8 a.m. to 5 p.m. five (5) days a week and 8 a.m. to 5:30 p.m. one (1) day a week. He ordinarily received an unpaid half an hour break daily.

131.    Plaintiff Perez was paid a flat daily rate of $150 during the period from April 2016 to April 2017. Thus, in this period Plaintiff Perez was paid a total of $900 per week for a straight time rate of $17.47 per hour.

132.    From in or about April 2017 to in or about September 2018, Plaintiff Perez's pay rate shifted to $170/day. Plaintiff Perez continued to work fifty-four and a half (51.5) hours per week for Defendants. Thus, during this period Plaintiff Perez was paid a total of $1,020 per week, for a straight time rate of $19.80 per hour.

133.    In or about October 19, 2018, Plaintiff Perez stopped working for the Defendants.

134.    Moreover, in October 2018, Defendant Pogorzelski blamed Plaintiff Perez for a job that needed to be redone and told him that he would effectively need Plaintiff Perez for the job being redone by withholding his pay in an amount equal to the cost of the repair.

135.    Such action amounted to an illegal deduction from Plaintiff Perez's wages.

Nonpayment For Five Weeks: September 17, 2018 to October 19, 2018

136.    On or about September 17, 2018, Plaintiff Perez stopped receiving his pay from Defendants, and he is owed for five weeks of work through October 19, 2018.

137.    After repeated requests that Defendants pay the unlawfully withheld wages, and repeated broken promises by Defendant to do so, on October 19, 2018, Plaintiff Perez arrived to the work site only to be told by the foreman that no work was available.

Plaintiff Perez's Return: December 2018-September 2019

138.    In or about December 2018, after being off work and unpaid since October 19, 2018, he returned to work at six days per week at $200/day, and thus was paid a total of $1,200 per week, for a straight time rate of $23.30 per hour based on his fifty-four and a half (51.5) hour schedule, *supra*.

139.    In or about April 2019 he began to work five days per week at $200/day, and thus was paid a total of $1,000 per week, for a straight time rate of $23.60 per hour based on a forty-two and a half (42.5) hour schedule from 8 a.m. to 5 p.m, with half hour breaks.

140.    At all times relevant, Plaintiff Perez was not paid any overtime premium for any hours worked above 40 in a given workweek.

141.    In May 2019 Defendant Zyskowski asked Plaintiff Perez to work a sixth day. When Plaintiff inquired about overtime he was told, "For off the books you are getting good pay, why are you asking for overtime?"

142.    Plaintiff Perez ceased working for the Defendant on September 20, 2019.

143.    Defendants were holding one week's pay as a "deposit" on Plaintiff Perez's last day, and Plaintiff Perez was never reimbursed for this unlawfully withheld week of pay.

## FLSA COLLECTIVE ACTION ALLEGATIONS

144.    Plaintiffs bring their first, second, and seventh claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by Defendants at Fine Craftsman between on or about November 17, 2017, and the date of final judgment in this matter that elect to opt in to this action. Such Plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

145.    Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

146.    At all times relevant to this complaint, and upon information and belief, Plaintiffs and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions. Thus, the claims of Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

147.    All Plaintiffs and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

148.     All Plaintiffs and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

149.    For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from Defendants' records. Notice can be provided via first class mail to the last address known to Defendants for each of the FLSA Collective Plaintiffs.

**<u>NYLL 194 DISPARATE PAY CLAIMS AS TO ALL PLAINTIFFS EXCEPT PLAINTIFF ALVAREZ</u>**

150.    All Plaintiffs are Hispanic.

151.    All Plaintiffs except Plaintiff Alvarez are helpers and carpenters.

152.    All Plaintiffs except Plaintiff Alvarez were also subjected to disparate pay because of their Hispanic ethnicity.

153.    Defendants also employ White and/or Polish workers in the positions of helpers, painter/tapers and carpenters.

154.    Defendants paid White and/or Polish helpers and carpenters more than Plaintiffs, their Hispanic counterparts, for equal work, requiring equal skill, effort and responsibility performed under the same working conditions.

155.    For example, a White/Polish carpenter Jack LNU was paid at least fifty dollars more per week than his Hispanic carpenter counterpart Plaintiff Hernandez.

156.    Further, a White/Polish helper Danny LNU was paid at least fifty dollars more per week than his Hispanic helper counterpart Plaintiff Munoz.

157.    On the above information and belief, White/Polish helpers, painter/tapers and carpenters were paid more than Plaintiffs, their Hispanic counterparts, at all times relevant.

158.    This pay disparity cannot be explained by (a) a seniority system, (b) a merit system, (c) a system that measures earnings by quantity or quality of production, or (d) any bona fide factor other than race/ethnicity.

159.    All Plaintiffs other than Plaintiff Alvarez received disparate pay for the entirety of the relevant period.

**COMMON NEW YORK CITY HUMAN RIGHTS LAW ALLEGATIONS**

160.    Additionally, at all times relevant, Defendants discriminated against Plaintiffs in regards to the terms and conditions of their employment in contravention of New York City Human Rights Law and by subjecting them to a hostile work environment because of their race/ethnicity.

161.    Defendants assigned Plaintiffs, all Hispanic workers, a disparate and more onerous workload, and disparate terms and conditions of employment, than that assigned to Defendants' white, Polish employees.

162.    Specifically, Defendants would require the Plaintiffs to stop taking their break to receive deliveries, unpack or sort materials, move or prepare tools, or clean-up their workspaces. Defendants would not require the White/Polish workers to do this.

163.    Plaintiffs were given more dangerous and difficult work.

164.    White managers would scream at Plaintiffs, and tell them to work faster while their did not yell at the similarly situated White/Polish workforce nor speak to them in such manner.

165.    Plaintiffs had to act as porters and cleaning crew for their similarly White/Polish workforce, even when they occupied the equal positions to their White/Polish counterparts.

166.    Defendants would use abusive language to address Plaintiffs, calling them "stupid" or "stupid people", or "idiots" or "idiot people," among other language, thereby creating a hostile work environment for Plaintiffs and their similarly situated coworkers. Defendants did not address Polish workers in this manner.

167.    Defendants' Foreman, Wesley LNU, would use such language especially frequently.

168.    Effectively, Hispanic workers were treated as a different caste of workers who were not as valued or granted the same respect and dignity in their work as their White/Polish counterparts even when Hispanic workers had equal or greater skills.

169.    Further, this disparate treatment was open and notorious and occurred at various times in the presence of individual Defendants.

170.    Moreover, Plaintiffs never received antidiscrimination training on the job.

171.    All Plaintiffs were subjected to disparate treatment and a hostile work environment by Defendants.

172.    Plaintiffs suffered emotional distress, humiliation and feelings of powerlessness as a result of Defendants' actions.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.,* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs Against All Defendants)**

173.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

174.    At all times relevant, each Defendants have been, and/or continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

175.    At all times relevant, Defendants employed Plaintiffs and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

176.    Defendants were required to pay Plaintiffs and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

177.    Upon information and belief, Defendants knowingly failed to pay Plaintiffs and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

178.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs Against All Defendants)**

179.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

180.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Plaintiffs and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

181.    At all times relevant, and upon information and belief, Defendants have repeatedly and willfully failed to pay the named Plaintiffs and the FLSA Collective Plaintiffs in accordance

with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

182.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.,* Brought by All Plaintiffs Except Plaintiff on Behalf of Themselves Against All Defendants)**

183.     All Plaintiffs except Plaintiff Alvarez, on behalf of themselves, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

184.     Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants knowingly paid Plaintiffs less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

185.     Defendants did not pay the minimum wage for all hours worked by Plaintiffs.

186.     Upon information and belief, Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of the NYLL.

187.     Plaintiffs seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.,* Brought by Plaintiffs except Plaintiff Alvarez on Behalf of Themselves Against All Defendants)**

188.    Plaintiffs except Plaintiff Alvarez, on behalf of themselves, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

189.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants willfully and repeatedly failed to pay Plaintiffs at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

190.    Plaintiffs seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

191.    Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiffs on Behalf of Themselves Against All Defendants)**

192.    Plaintiffs, on behalf of themselves, repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

193.    Defendants have failed to provide Plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

194.    Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiffs on Behalf of Themselves Against All Defendants)**

195.   Plaintiffs, on behalf of themselves, repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

196.   Defendants have failed to provide plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

197.   Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## SEVENTH CLAIM FOR RELIEF

**(Discrimination, New York City Human Rights Law § 8-107(1)(a) and (19): Unlawful Discriminatory Practices Brought by Plaintiffs on Behalf of Themselves Against All Defendants)**

198.   Plaintiffs repeat and reallege all the allegations contained in this complaint and specifically paragraphs 158 to 163 above.

199.   The acts described constitute discrimination on the basis of Plaintiffs' race or ethnicity in violation of the New York City Human Rights Law. N.Y.C. Admin. Code § 8-107(1)(a).

200.   Due to Defendants' violation of the New York City Human Rights Law, Plaintiffs are entitled to recover from Defendants damages in a sum to be determined by a jury.

## EIGHTH CLAIM FOR RELIEF

**(Pay Disparity Because Of Race/ Ethnicity Pursuant To NYLL 194(1) Against All Defendants)**

201.   All Plaintiffs except Plaintiff Alvarez hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

202.    Based on those allegations, Defendants subjected All Plaintiffs except Plaintiff Alvarez to disparate pay on the basis of race/ ethnicity by paying them as Hispanic employees a lesser rate of pay than that paid to White/Polish employees performing equal work, which required equal skill, effort, and responsibility, and under the same working conditions and at the same establishments or establishment within the same county.

203.    The pay discrepancy between Hispanic and White/Polish workers cannot be accounted for by a seniority system; (b) a merit system; or (c) any factor other than sex or any bonafide factor other than race/ethnicity.

204.    All Plaintiffs except Plaintiff Alvarez see to recover their unpaid compensation, and treble damages pursuant to the NYLL, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### NINTH CLAIM FOR RELIEF

### (Unlawful Deductions, NYLL 196(d), Brought by Plaintiff Perez on Behalf of Himself Individually Against All Defendants)

205.    Plaintiff Perez, on behalf of himself repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

206.    Throughout the period covered by the applicable statute of limitations, defendants unlawfully failed to reimburse made unlawful deductions from Plaintiff Perez's wages by making him pay for repairs in violation of the NYLL.

207.    Plaintiff Perez has been damaged in an amount as yet determined, plus liquidated damages.

### <u>RELIEF SOUGHT</u>

**WHEREFORE**, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, request relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

C. An order declaring that Defendants violated the FLSA in the manners stated in this complaint;

D. An order declaring that Defendants' violations of the FLSA were willful;

E. An order declaring that Defendants violated the NYLL in the manners stated in this complaint;

F. An order declaring that Defendants' violations of the NYLL were willful;

G. An award of overtime compensation under the FLSA and NYLL;

H. An award of minimum wage compensation under the FLSA and NYLL;

I. An award of NYLL damages for disparate pay because of race/nationality;

J. An award of all liquidated damages, including treble liquidated damages as provided for violations of the NYLL;

K. An award of liquidated damages pursuant to the FLSA;

L. All relief pursuant to NYC Human Rights Law for Plaintiffs' emotional distress and compensatory damages for wage disparity;

M. All penalties available under the applicable laws;

N. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

O. Interest as provided by law; and

P.  Such other relief as this Court deems just and proper.


## JURY TRIAL

Plaintiffs demand a jury trial for all causes of action and claims for which they have a right to a

jury trial.


Dated: New York, New York
        November __, 2020


                        Respectfully submitted,

                        MIRER MAZZOCCHI & JULIEN, PLLC



                        _____
                        By: Ria Julien
                        *Attorney for Plaintiffs*
                        1 Whitehall Street, 16th Floor
                        New York, NY 10004
                        (212) 231-2235
                        jmirer@mmsjlaw.com