```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZULAY ANDREA ALVAREZ, GERARDO              :
AYALA, ANIBAL YAGUACHI CAMPOVERDE,         :
EDUARDO GABRIEL VILLAFUERTE CHAVEZ,        :
CESAR CUA, RAFAEL HERNANDEZ, OSCAR         :
SANCHEZ JUAREZ, EDUARDO MUNOZ, ELIAS       :
ANTONIA CHAVEZ PENA ALEJANDRO PEREZ,       :
on behalf of themselves, and those similarly situated, :
                                           :           MEMORANDUM AND ORDER
                        Plaintiffs,        :
                                           :           20-CV-10452 (GBD)(KNF)
            -against-                      :
                                           :
                                           :
FINE CRAFTSMAN GROUP, LLC, JOSEPH          :
ZYSKOWSKI, and KRZYSZTOF POGORZELSKI,      :
jointly and severally,                     :
                                           :
                                           :
                        Defendants.        :
------------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

The parties request that the Court adopt as an order of the Court a writing, appearing at Docket Entry No. 31, in which the parties stipulate to the following: (1) "deem this action conditionally a representative collective action pursuant to 29 U.S.C. § 216(b); this designation is without prejudice to Defendants' right to seek to challenge final collective action certification"; (2) set a deadline of July 12, 2021 for the defendants to provide to the plaintiffs contact information for potential opt-in plaintiffs; (3) adopt the Notice of Collective Action and Consent forms, which are attached to the writing as Exhibits A and B, respectively; (4) set an end date to the period for potential plaintiffs to opt in to the action of September 21, 2021; (5) provide for costs associated with the notification process to be borne by the plaintiffs; and (6) require the defendants to post the Notice of Collective Action and Consent forms in the workplace.

Title 29 U.S.C. § 216(b) allows a Fair Labor Standards Act ("FLSA") action, such as this one, to be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." "Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] ... by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (citing Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 486 (1989)). Standard notice includes:

> the purpose of the notice, the nature of the lawsuit, the proposed class composition, the legal effect of joining the lawsuit, the fact that the court has not taken any position regarding the merits of the lawsuit, how to join the lawsuit, the purely voluntary nature of the decision and the legal effect of not joining the lawsuit, the prohibition against retaliation, and the relevant contact information for any inquiries.

Bittencourt v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 117 (S.D.N.Y. 2015) (citation omitted). "Notice should also 'advise potential plaintiffs that they may be required to provide information, appear for a deposition, or testify if they opt in.'" Id.

The "Notice of a Lawsuit," Exhibit A, includes most of these elements. However, while the notice informs the potential plaintiffs that "you may be required to provide information about your work at Fine Craftsman," it does not inform potential plaintiffs that they may need to appear for a deposition or testify at trial if they opt in to the lawsuit. Inclusion of this information would aid potential plaintiffs in determining whether to opt in. The notice also does

2

not include material about "the purely voluntary nature of the decision and the legal effect of not joining the lawsuit."

The parties are directed to submit to the Court a revised proposed order and revised Notice of Collective Action that (1) informs potential plaintiffs that they may need to appear for a deposition or testify at trial if they opt in to the lawsuit and (2) includes material about the purely voluntary nature of the decision and the legal effect of not joining the lawsuit. Additionally, the following corrections should be made to the notice:

> Page 1, line 4: Change "a court-authorized notice that a collective action lawsuit that may affect your legal rights" to "a court-authorized notice of a collective action lawsuit that may affect your legal rights"
>
> Page 1, line 8: Change "has brought" to "have brought"
>
> Page 2, line 4: Change "Fine Craftsman Nails Wage and Hour Litigation" to "Fine Craftsman Wage and Hour Litigation"
>
> Page 3: Change "Eastern District of New York" to "Southern District of New York"

These changes should also be reflected in the Spanish language version of the notice.

For the foregoing reasons, the parties' request that the Court adopt the proposed order, Docket Entry No. 31, is denied. The parties are directed to submit to the Court the revised proposed order, Notice of Collective Action, and Consent Forms, as described above.

Dated: New York, New York          SO ORDERED:
       July 21, 2021

                                   _____
                                   KEVIN NATHANIEL FOX
                                   UNITED STATES MAGISTRATE JUDGE

3