UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

ZULAY ANDREA ALVAREZ, GERARDO AYALA, :
ANIBAL YAGUACHI CAMPOVERDE, EDUARDO :
GABRIEL VILLAFUERTE CHAVEZ, CESAR CUA, :
RAFAEL HERNANDEZ, OSCAR SANCHEZ :
JUAREZ, EDUARDO MUMOZ, ELIAS ANTONIO :  MEMORANDUM DECISION
CHAVEZ PENA, and ALEJANDRO PEREZ, *on behalf* :  AND ORDER
*of themselves and those similarly situated,* :
                                                                                              :  20 Civ. 10452 (GBD) (JW)
                                      Plaintiffs, :

-against- :

FINE CRAFTSMAN GROUP, LLC, JOSEPH :
ZYSKOWSKI and KRZYSZTOF POGORZELSKI, :
*jointly and severally,* :

                                      Defendants. :

------------------------------------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs Zulay Andrea Alvarez, Gerardo Ayala, Anibal Yaguachi Campoverde, Eduardo Gabriel Villafuerte Chavez, Cesar Cua, Rafael Hernandez, Oscar Sanchez Juarez, Eduardo Mumoz, Elias Antonio Chavez Pena, and Alejandro Perez (collectively, "Plaintiffs"), bring this action against Defendants Fine Craftsman Group, LLC ("FCG"), Joseph Zyskowski and Krzysztof Pogorzelski (collectively, "Defendants"), alleging that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), the New York City Human Rights Law ("HRL"), and New York's Wage Theft Prevention Act ("WTPA"). (*See* Complaint ("Compl."), ECF No. 1.) Following the close of discovery, Defendants moved for summary judgment and Plaintiffs moved for partial summary judgment. (ECF Nos. 43, 49.)

Before this Court is Magistrate Judge Jennifer Willis's January 23, 2023 Report and Recommendation ("Report") recommending that this Court deny Defendants' motion and grant Plaintiffs' motion as to the following: (i) whether FCG is subject to enterprise coverage; (ii) whether Defendants were Plaintiffs' employers; (iii) the tenure and hours worked for various Plaintiffs; (iv) Plaintiffs' entitlement to unpaid wages for work from August to October 2018; (v) the application of the FLSA's three-year statute of limitations as to Defendants' willfulness in failing to pay Plaintiffs from August to October 2018; (vi) Plaintiffs' right to liquidated damages under the FLSA and NYLL; (vii) Defendants' liability for failure to issue wage notices and weekly wage statements under the WTPA. (*See* Report, ECF No. 65.) The Report also recommended that this Court exercise supplemental jurisdiction over Plaintiffs' state law claims. (*Id.* at 24.) Magistrate Judge Willis recommended that Plaintiff's remaining requests be denied. Having reviewed the Report and both Plaintiffs' and Defendants' objections, this Court ADOPTS the Report except as otherwise noted and overrules both Plaintiffs and Defendants' objections. Defendants' motion for summary judgment is DENIED.[1] Plaintiffs' motion for partial summary judgment is GRANTED in part and DENIED in part.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it.[2] From 2017 to 2019, FCG

---

[1] Defendants contend they are entitled to summary judgment on three grounds: first, that Zyskowski and Pogorzelski were not Plaintiffs' employers under the FLSA or NYLL; second, that Plaintiffs' FLSA claims accruing more than two years prior to the commencement of this action should be dismissed as time-barred; and third, that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state and local law claims. (ECF No. 47, ("Defs.' Mem."), at 6–7, 9–11.) As discussed below, this Court adopts the Report's conclusion that Defendants have not met their burden of proof for summary judgment on any of these grounds.

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

"provided residential construction services in both New York and New Jersey." (Report at 3.) Plaintiffs are former construction workers who worked for FCG. All Plaintiffs performed construction work, except Plaintiff Alvarez, who worked as a cleaner for FCG. (*Id.*) Defendant Pogorzelski is FCG's sole member, and Defendant Zyskowski worked as a project manager for FCG. (*Id.* at 3–4.)

Plaintiffs filed their complaint in this action on December 10, 2020. (Compl. at 1.) Following discovery, Plaintiffs and Defendants filed the instant cross-motions for summary judgment on April 14, 2022. (Report at 4.) On January 23, 2023, Magistrate Judge Willis issued a Report and Recommendation, in which she advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 24.) Both Defendants and Plaintiffs filed timely objections to the Report. (Defs.' Objs. to R. &. R. ("Defs.' Objs."), ECF No. 66, Pls.' Objs. to R & R ("Pls.' Objs."), ECF No. 69.)

## II. STANDARD OF REVIEW

### A. Reports and Recommendations of a Magistrate Judge.

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.*

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citations omitted).

A magistrate's ruling is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure," and is "clearly erroneous" if "the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co., Ltd. v. Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations omitted); *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). This standard of review is "highly deferential." *Thai Lao Lignite*, 924 F. Supp. 2d at 511. "[T]he objector thus carries a heavy burden." *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013). Additionally, "Rule 72(a) precludes the district court from considering arguments that were not presented to the magistrate judge," *Thao Lignite*, 961 F. Supp. 2d at 512 (citation omitted), and "new arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate judge's report and recommendation], and indeed may not be deemed objections at all." *Khatabi v. Bonura*, No. 10 Civ. 1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (collecting cases). "A court may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Rosenthal v. Aetna Health Inc.*, No. 21 Civ. 918 (GBD) (GWG), 2022 WL 794527, at *1 (S.D.N.Y. Feb. 3, 2022) (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)).

**B. Motion for Summary Judgment**

To prevail on a motion for summary judgment, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552-53 (1986). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party.

*Pennington v. D'Ippolito*, 855 F. App'x 779, 781 (2d Cir. 2021) (citation omitted) (collecting cases); *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).

If the movant meets its burden to demonstrate the absence of a genuine issue of material fact, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment" by "citing to particular parts of materials in the record." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008); Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quotation omitted). Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505 (1986).

### III.   THE REPORT IS ADOPTED

#### A.   FCG is Subject to Enterprise Coverage

Plaintiffs argue that FCG is subject to enterprise coverage under the FLSA. Employees qualify for the FLSA's enterprise coverage protections if the employee "is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). A defendant business engages in commerce or in the production of goods for commerce if it (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). The Report found that FCG is subject to enterprise coverage under the FLSA, as it is undisputed that Plaintiffs used materials produced out of state, and that FCG's gross receipts or sales were greater than

$500,000 in 2018 and 2019.  (Report at 5–6, ECF No. 59-6 at D0167, D0169, D0171.)  FCG is therefore subject to enterprise coverage for 2018 and 2019.

**B.     FCG, Pogorzelski and Zyskowski Were Plaintiffs' Employers**

The Report concludes that FCG, Defendant Pogorzelski and Defendant Zyskowski were Plaintiffs' employers under both the FLSA and the NYLL.[3]  (Report at 6–8.)  Defendants do not object to the Report's finding as to FCG.  As noted in the Report, FCG's status as Plaintiffs' employer is supported by both Plaintiffs' and Defendants' filings.  (*See* Pls.' 56.1 Stmt. ¶¶ 10–14 (ECF No. 51-1), Defs.' 56.1 Stmt. ¶ 4 (Defs.' Mem., (ECF No. 47-1).)

Defendants object to Magistrate Judge Willis's finding as to Pogorzelski and Zyskowski and contend that Magistrate Judge Willis "misapplied" the law in finding that Defendants were Plaintiffs' employers. (Defs.' Objs. at 2, 4, 7.)  Contrary to Defendants' objection, Plaintiffs have presented evidence demonstrating that both Defendants Pogorzelski and Zyskowski were their employers under the Second Circuit's "economic reality" test.  *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d, 132, 143 (2d Cir. 2008).  The "economic reality" test has four factors to determine whether an employer exercises "formal control" over workers: whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (internal quotation marks omitted).  Alternatively, a defendant may be characterized as an employer if they exercise "functional control" over the workers in question. *Barfield*, 537 F.3d at 145.  To assess whether a putative employer exercised functional control

---

[3] Courts in this Circuit "have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015) (quotation omitted).

6

over a worker, courts consider factors including "the degree to which the [defendants] or [its] agents supervised plaintiffs' work" and "whether plaintiffs worked exclusively or predominantly for the [defendants]." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003).

As the Report concludes, the *Carter* and *Zheng* factors weigh towards finding that Pogorzelski and Zyskowski were Plaintiffs' employers under the FLSA and the NYLL. Beginning with Pogorzelski, he testified that he supervised FCG workers when visiting work sites and communicated feedback to workers directly when he observed unsafe behavior, which satisfies the second *Carter* factor and fifth *Zheng* factor. (ECF No. 50-3 at 23–26, Report at 11–12.) Pogorzelski testified that he controlled payroll, authorized issuance of all pay stubs, was responsible for paying the workers that Zyskowski hired, and made the "ultimate decision" regarding such payment, satisfying the third *Carter* factor. (ECF No. 50-3 at 61, 64, Report at 11–12.) Zyskowski also testified that he had to ask Pogorzelski if Zyskowski could hire a worker for a given wage. (ECF No. 50-4 at 29–30, Report at 11–12.) As to the sixth *Zheng* factor—whether plaintiffs worked exclusively or predominantly for the employer—seven Plaintiffs worked between 40 and 51.5 hours per week, and thus worked predominantly for Pogorzelski and Zyskowski. (Pls.' 56.1 Stmt. at 7–8, Report at 12.) Pogorzelski's own testimony demonstrates that he was Plaintiffs' employer. And, as the Report correctly notes, Pogorzelski was in a position to be aware of and prevent alleged FLSA and NYLL violations because he was responsible for paying Plaintiffs and made the "ultimate decision" regarding payment. (ECF No. 50-3 at 61, 64.)

As to Zyskowski, he testified that he could hire and fire workers, satisfying the first *Carter* prong. Zyskowski testified that he controlled workers' schedules at worksites, and would speak with workers directly if he saw an issue regarding project's progress, thus satisfying the second *Carter* prong. (ECF Nos. 50–4 at 23, 33–34, 51–52, 50-3 at 61, 96, Report at 9–11.) Zyskowski

also testified that he determined whether to hire a worker for a particular wage, satisfying the third *Carter* factor. (ECF No. 50-4 at 24-25.). Zyskowski also stated that he kept track of employees' hours to relay to FCG office, satisfying the fourth *Carter* factor. (*Id.* at 31, 67, 83). As Magistrate Judge Willis aptly notes, Zyskowski was also in a position to be aware of and prevent alleged violations of the FLSA and NYLL given his decision-making role in hiring workers for a particular wage. (ECF No. 50-4 at 24–25, Report at 10.) Plaintiffs' motion for summary judgment is GRANTED as to FCG, Pogorzelski, and Zyskowski's status as Plaintiffs' employers. Defendants' cross-motion for summary judgment as to the same is DENIED.

C.   **Statute of Limitations**

Under the FLSA, the general statute of limitations for minimum wage and overtime claims is two years. 29 U.S.C. § 255(a). However, if the employee proves that the employer's violation is willful, the limitations period is increased to three years. *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). A violation is willful if an employee establishes "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 108 S. Ct. 1677, 1681 (1988). "Courts in this Circuit have generally left the question of willfulness to the trier of fact." *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 268 (E.D.N.Y. 2008) (citations omitted) (collecting cases); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 937 (S.D.N.Y. 2013) ("Although willfulness can sometimes be determined at the summary judgment stage, the standard for proving willfulness is high.").

Plaintiffs allege that Defendants' violations of the FLSA were willful, and that their FLSA claims are thus subject to a three-year statute of limitations. Defendants contend that their conduct was not willful, and that the two-year statute of limitations applies. In their cross-motion,

8

Defendants argue that Plaintiffs' FLSA claims accruing more than two years prior to the commencement of this action should be dismissed as time-barred.

In her Report, Magistrate Judge Willis recommends that both Plaintiffs' and Defendants' motions be denied regarding whether Defendants' failure to pay wages, overtime, issue wage notices and stubs was willful. (Report at 13–15.) Plaintiffs have failed to present evidence demonstrating Defendants' reckless disregard of their obligation to pay workers their wages, including overtime, and to provide wage notices and stubs. (*Id.* at 14.) Defendants' testimony that they were "aware" of general record-keeping obligations is insufficient to meet the high standard of reckless disregard, which requires "actual knowledge of a legal requirement, and *deliberate disregard* of the risk that one is in violation." *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2005 WL 1214337, at *3 n.2 (S.D.N.Y. May 20, 2005) (emphasis added). In addition, Zyskowski's testimony that he was "pretty sure" that FCG workers received "some letters" is insufficient to conclude that Defendants' conduct was not willful, and that Plaintiffs' claims are time-barred. Both Plaintiffs' and Defendants' summary judgment motions are therefore DENIED as to the disputed fact of whether the Defendants' alleged wage notice, wage statements, and non-payment violations were willful.

### a. Non-Payment Period Between August and October 2018

Magistrate Judge Willis recommended that this Court grant Plaintiffs' motion as to Defendants' willful non-payment of wages during the summer and fall of 2018 and recommended that Defendants' liability for this violation extend back to cover the non-payment period. (Report at 15.) Magistrate Judge Willis notes that Defendants concede that they knowingly and willfully did not pay workers during the non-payment period because they lacked sufficient funds to do so. (*Id.* at 15, ECF Nos. 50-3 at 68, 99, 50-4 at 75.) Defendants' testimony meets the standard for

willfulness, because the "legal obligation" to pay employees "for all hours worked . . . is axiomatic." *Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 477 (S.D.N.Y. 2015). This Court finds Magistrate Judge Willis's reasoning persuasive. Defendants have not proffered any evidence to show that their failure to pay wages during the non-payment period was not willful. This Court GRANTS Plaintiffs' motion that the Defendants' non-payment of wages during the summer and fall of 2018 was willful, and Defendants' liability for this violation extends back to cover the non-payment period. Defendants' cross-motion as to the same is DENIED.

D.     **Tenure and Hours Worked**

Plaintiffs move for summary judgment as to their tenure and hours worked at FCG, arguing that Defendants failed to keep adequate and accurate records of Plaintiffs' wages and hours. The FLSA requires employers to "make, keep, and preserve" adequate and accurate records regarding employees' hours worked, pay rates, daily and weekly earnings, wages paid, overtime, and dates of payment. 29 U.S.C. § 211(c); *Lanzetta v. Florios Enters. Inc.*, 763 F. Supp. 2d 615, 618 n.1 (S.D.N.Y. 2011). Under the FLSA, if "the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," the employee must "produce sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 66 S. Ct. 1187, 1192 (1946)). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (quoting *Anderson*, 66 S. Ct. at 1192). The NYLL is even more stringent and provides that where an employer fails to keep adequate records, the employer "must demonstrate

that it in fact paid its employees wages, benefits, and supplements." *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017) (quotation marks omitted).

As Magistrate Judge Willis noted, Defendants have failed to produce records of Plaintiffs' wage rates, standard and overtime wages, wage notices, or wage payments, and their records do not meet the requirements of 29 U.S.C. § 211(c). (Report at 17–18.) Defendant Zyskowski admitted he was not "so good" about tracking workers' hours, did so by hand in a notebook, and had no "backup documentation" to support the timesheets that he created for each worker "before or after" a week of work. (ECF No. 50-4 at 34–36.) Given Zyskowski's testimony, the Report properly applied the burden-shifting framework, and found that Plaintiffs had met their burden by submitting affidavits regarding wages and hours during their tenure, including during the non-payment period. *See Gamero*, 272 F. Supp. 3d at 504 (applying burden-shifting framework because the defendants did not maintain accurate records of plaintiffs' hours and wages). As Magistrate Judge Willis noted, Defendants have failed to demonstrate Plaintiffs' precise wages and hours or to rebut the reasonableness of the inferences drawn from Plaintiffs' testimony. (Report at 18–19.) Plaintiffs' motion for summary judgment is therefore GRANTED as to all Plaintiffs' tenure and the hours worked by Plaintiffs Alvarez, Ayala, Cua, Hernandez, and Perez. As to the non-payment period, Plaintiffs' motion is also GRANTED to all Plaintiffs' tenure and the wages of Plaintiffs Alvarez, Ayala, Cua, Hernandez, and Perez during their respective weeks of non-payment between August and October 2018.

E.     **Non-Payment for Plaintiffs' First Week of Work**

Plaintiffs claim that Defendants kept a "one week 'deposit'" of the payment owed to them such that "at every weekly payday, one outstanding unpaid week remained." (ECF No. 51, ("Pls.' Mem."), at 11.) Defendants contend that Plaintiffs were paid for a given week of work at the end

of the following week of work in accordance with the NYLL. (Defs.' Mem. at 10.) Given the lack of evidence on either side and the genuine issues of material facts that remain in dispute, Plaintiffs' motion for summary judgment as to Defendants' non-payment for the first week of work is DENIED.

F.     **Overtime Non-Payment**

Plaintiffs moved for summary judgment as to the Defendants' alleged non-payment of overtime. The Report recommended denying Plaintiffs' motion due to a lack of evidence in the record regarding Defendants' alleged non-payment. (Report at 20.) Magistrate Judge Willis noted that she could not consider Defendants' responses to Plaintiffs' Requests to Admit, because the underlying Requests to Admit were not included in the parties' submissions. (*Id*.) In their objections, Plaintiffs ask this Court to consider additional evidence that Plaintiffs failed to include in their original motion due to "clerical error." (Pls.' Objs. at 1, 4, 5.)

"A district court conducting a *de novo* review of a magistrate judge's report and recommendation is permitted, but not required, to supplement the record by entertaining additional evidence." *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, No. 11 Civ. 5243 (GBD) (FM), 2014 WL 1092847, at *5 (S.D.N.Y. Mar. 17, 2014) (citing 28 U.S.C. § 636(b)(1)(C)). "However, absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted." *Id*. (citation and brackets omitted). "The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 63(b)(1); *Rosenthal*, 2022 WL 794527, at *2 (same). In light of the additional evidence adduced by Plaintiffs, this Court recommits the decision on overtime to Magistrate Judge Willis for further consideration as to whether Plaintiffs are entitled to summary judgment as to the Defendants' alleged failure to pay overtime.

12

G.  **Liquidated Damages**

Plaintiffs also seek to recover state-law and federal liquidated damages for their minimum wage and overtime claims. (Pls.' Mem. at 15–17.) "Under both the FLSA and NYLL, plaintiffs are entitled to liquidated damages if they have been denied appropriate minimum wages or overtime." *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 317 (S.D.N.Y. 2014) (citations omitted). Under the FLSA, "a plaintiff who demonstrates that he was improperly denied either minimum wages or overtime may recover, in addition to reimbursement of unpaid wages, an amount equal to the unpaid wages (100%) unless the employer demonstrates that it acted in good faith and had reasonable grounds for believing that it had not violated the FLSA." *Id.* (citing 29 U.S.C. § 260). As the Second Circuit has observed, "the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness . . . double damages are the norm, single damages the exception." *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (quotations omitted). A "defendant's failure to point to any evidence sufficient to make such a showing [of good faith] may warrant awarding [liquidated] damages at the summary judgment stage." *Nunez v. Broadway Beauty Wholesale Inc.*, No. 19 Civ. 362 (JPO), 2020 WL 6063536, at *4 (S.D.N.Y. Oct. 14, 2020) (quotations omitted).

As Magistrate Judge Willis observed, Defendants have failed to present any evidence that "they took active steps to ascertain the dictates of and comply with federal or state labor law." *Id.* at *5 (citation omitted). Defendants have also failed to produce any evidence that they acted in good faith. Plaintiffs' motion for liquidated damages is GRANTED. Plaintiffs are entitled to liquidated damages on their minimum wage and overtime claims, and may recover under either the FLSA or NYLL, whichever provides for a greater recovery. *See Morales v. Mw Bronx, Inc.*, No. 15 Civ. 6296, 2016 WL 4084159, at *10 (S.D.N.Y. Aug. 1, 2016).

### H.    Wage Notice Statutory Damages

Plaintiffs claim they are entitled to statutory damages due to Defendants' failure to provide wage notices as required by the NYLL. The NYLL requires employers to provide annual wage notices to employees hired after April 9, 2011. NYLL § 195(1)(a). Employees are entitled to recover wage-notice statutory damages of $50 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000, together with costs and reasonable attorney's fees. NYLL § 198(1-b). As the Report observes, Defendants argument that there is no penalty because all wages were timely paid is without merit, because Defendants have not paid Plaintiffs all wages due and have admitted as much with respect to the non-payment period. (Report at 23.) Magistrate Judge Willis correctly concluded that Plaintiff Alvarez is due $4,950 for 99 days worked, and all other Plaintiffs are due $5,000 each for the over 100 days they worked.

### I.    Supplemental Jurisdiction Over Plaintiffs' State and Local Law Claims

This Court adopts the Report's recommendation and exercises supplemental jurisdiction over Plaintiffs' claims brought under state and local law. (Report at 24.) Magistrate Judge Willis appropriately recommended denial of Defendant's motion on this issue. "The exercise of supplemental jurisdiction is within the sound discretion of the district court." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)). The Second Circuit has consistently upheld the exercise of supplemental jurisdiction where "the state law claims are analytically identical to federal claims.") *Id.* at 118 (citation omitted). Because the state and local law claims against FCG, Pogorzelski, and Zyskowski "derive from [the same] common nucleus of operative fact," exercising supplemental jurisdiction over Plaintiffs' state law claims is appropriate. *Briarpatch Ltd., L.P v. Phoenix*

*Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (citations omitted). Defendants' motion is therefore DENIED.

In their objections, Defendants argue that Magistrate Judge Willis failed to make a recommendation on their request that Plaintiffs' HRL claims be dismissed against Pogorzelski and Zyskowski individually. (Defs.' Objs. at 12–13.) Because this Court determined that Pogorzelski and Zyskowski were Plaintiffs' employers under both the FLSA and the NYLL (*see supra* Section III.B), Defendants' arguments regarding *Doe v. Bloomberg* are without merit. 36 N.Y.3d 450, 462 (2021); (Defs.' Objs. at 13.) Defendants' request to dismiss Plaintiffs' HRL claims against Pogorzelski and Zyskowski individually is also DENIED.

## IV. CONCLUSION

Plaintiffs' and Defendants' objections are OVERRULED, and Magistrate Judge Willis's Report is ADOPTED except as otherwise noted. Defendants' motion for summary judgment (ECF No. 49) is DENIED. Plaintiffs' motion for partial summary judgment (ECF No. 43) is GRANTED IN PART and DENIED IN PART. This case is RECOMITTED to Magistrate Judge Willis for further consideration regarding Plaintiffs' motion for summary judgment as to overtime non-payment. The Clerk of the Court is directed to close the open motions at ECF Nos. 43, 49, and 67, accordingly.

Dated: March 9, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge