**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ZULAY ANDREA ALVAREZ, GERARDO AYALA,        :
ANIBAL YAGUACHI CAMPOVERDE, EDUARDO         :
GABRIEL VILLAFUERTE CHAVEZ, CESAR CUA,      :
RAFAEL HERNANDEZ, OSCAR SANCHEZ             :
JUAREZ,  EDUARDO MUNOZ, ELIAS ANTONIO       :
CHAVEZ PENA, and ALEJANDRO PEREZ, *on behalf*  :
*of themselves and those similarly situated*,     :

:

Plaintiffs,       :

:

-against-            :

:

FINE CRAFTSMAN GROUP, LLC, JOSEPH           :
ZYSKOWSKI, and KRZYSZTOF POGORZELSKI,       :
*jointly and severally*,                         :

:

Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

20 Civ. 10452 (GBD) (JW)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Zulay Andrea Alvarez, Gerardo Ayala, Anibal Yaguachi Campoverde, Eduardo

Gabriel Villafuerte Chavez, Cesar Cua, Rafael Hernandez, Oscar Sanchez Juarez, Eduardo Munoz,

Elias Antonio Chavez Pena, and Alejandro Perez (collectively, "Plaintiffs") bring this action

against Defendants Fine Craftsman Group, LLC ("FCG"), Joseph Zyskowski, and Krzysztof

Pogorzelski (collectively, "Defendants"), alleging that Defendants violated the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law,

and the New York City Human Rights Law. (*See* Compl., ECF No. 6.) Before this Court is

Magistrate Judge Jennifer Willis's June 6, 2023 Report and Recommendation ("Second Report")

recommending that this Court grant Plaintiffs' partial summary judgment motion on Defendants'

failure to pay overtime as required by the FLSA. (Second Report, ECF No. 77.) No party filed

objections to the Second Report. Having reviewed the Second Report for clear error and finding

none, this Court ADOPTS the Second Report in full. Plaintiffs' motion for partial summary judgment on the issue of nonpayment of overtime is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

From 2017 to 2019, Defendant FCG "provided residential construction services in both New York and New Jersey." (Pls.' 56.1 Stmt., ECF No. 51-1, ¶¶ 1, 3; Defs.' 56.1 Stmt., ECF No. 47-1, ¶¶ 1, 3.) Defendant Pogorzelski is FCG's sole member, and Defendant Zyskowski worked as a project manager for FCG. (Defs.' 56.1 Stmt. ¶ 2; Pls.' 56.1 Stmt. ¶ 15.) Plaintiffs performed construction work for FCG, except Plaintiff Alvarez, who worked as a cleaner for FCG. (Pls.' 56.1 Stmt. ¶¶ 9, 11.) Plaintiffs filed their complaint in this action on December 10, 2020. (ECF No. 1.) Following the close of discovery, Defendants moved for summary judgment, and Plaintiffs moved for partial summary judgment. (ECF Nos. 43, 49.)

On January 23, 2023, Magistrate Judge Willis issued a Report and Recommendation ("First Report") recommending that Defendants' summary judgment motion be denied and that Plaintiffs' partial summary judgment motion be granted in part and denied in part. (First Report, ECF No. 65.) This Court adopted all aspects of the First Report except for its recommendation that Plaintiffs' partial summary judgment motion on Defendants' nonpayment of overtime be denied. (Mem. Decision and Ord., ECF No. 70.) Because Plaintiffs asked this Court to consider additional evidence of nonpayment of overtime in their objections to the First Report, which they failed to include in their original motion due to clerical error, this Court recommitted the issue of overtime to Magistrate Judge Willis for further consideration. (*See id.* at 12.) Magistrate Judge Willis directed the parties to file letter motions articulating their arguments on the alleged failure to pay overtime and to submit the evidence that had been accidentally omitted. (ECF No. 72.) Plaintiffs

submitted a letter motion and exhibits on March 28, 2023. (ECF No. 74.) Defendants did not provide a response.

## II.    LEGAL STANDARDS

### A.  Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When there are no objections to a magistrate judge's report, a district judge reviews the report for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); *see also* Fed. R. Civ. P. 72(b) advisory committee's note. Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B.  Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material "if it 'might affect the outcome of the suit under the governing law.'" *See Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). The movant bears the initial burden of demonstrating the absence of a dispute of material fact. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). Even if the motion is unopposed, the court must review the motion and "determine from what it has before it whether the moving

3

party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation and internal quotation marks omitted).

If the movant meets its burden to demonstrate the absence of a genuine issue of material fact, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts...," and "conclusory allegations or denials ... cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). In assessing whether there is a genuine issue of material fact, the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

## III. PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON NONPAYMENT OF OVERTIME IS GRANTED

Magistrate Judge Willis appropriately determined that Plaintiffs are entitled to partial summary judgment on the issue of Defendants' failure to pay overtime. Plaintiffs submitted as an exhibit to their letter motion the evidence that had been previously omitted due to clerical error. (Second Report at 5.) The evidence consists of Requests to Admit and Defendants' Response in which Defendants admitted that they never paid overtime. (*Id.*) Plaintiffs also provided samples of Defendants' records showing that there were plaintiffs who worked more than forty hours in a week and that "not one of them was paid a premium overtime rate." (*Id.*) Defendants did not oppose the letter motion and exhibits containing this evidence. (*Id.*) Given that Plaintiffs have provided clear and undisputed evidence that Defendants did not pay overtime to Plaintiffs who

4

worked more than forty hours per week, Plaintiffs have demonstrated that they are entitled to partial summary judgment on the issue of nonpayment of overtime.

## IV.    CONCLUSION

Magistrate Judge Willis's Second Report is ADOPTED in its entirety.  Plaintiffs' partial summary judgment motion on the issue of nonpayment of overtime is GRANTED.  The Clerk of Court is directed to close the open motion at ECF No. 74, accordingly.

Dated:  November 1, 2023
       New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge