UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ZULAY ANDREA ALVAREZ, GERARDO AYALA,
ANIBAL YAGUACHI CAMPOVERDE, EDUARDO
GABRIEL VILLAFUERTE CHAVEZ, CESAR CUA,
RAFAEL HERNANDEZ, OSCAR SANCHEZ JUAREZ,
EDUARDO MUMOZ, ELIAS ANTONIO CHAVEZ
PENA, and ALEJANDRO PEREZ, on behalf of
themselves, and those similarly situated,

                                        **Plaintiffs,**

                      -against-

FINE CRAFTSMAN GROUP, LLC, JOSEPH
ZYSKOWSKI, and KRZYSZTOF POGORZELSKI,
jointly and severally,

                                   **Defendants.**
------------------------------------------------------------------------X

**ORDER**

**20-cv-10452 (GBD) (JW)**

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE,**

## I. BACKGROUND

    Before the Court is Plaintiffs' application for attorneys' fees and costs. Dkt. No.

79. In the first Report and Recommendation, this Court initially granted Plaintiffs'

motion for partial summary judgment in part and denied Defendants' cross-motion

for summary judgment. Dkt. No. 65. Thereafter, Plaintiffs objected to the Report,

claiming a mere clerical error caused Plaintiffs' failure to submit the relevant

documentation regarding Defendants' nonpayment of overtime. Dkt. No. 69. Judge

Daniels referred the issue of nonpayment of overtime to this Court for further

consideration. Dkt. No. 70. In a second Report and Recommendation, the Court

1

recommended granting partial summary judgment on the issue of nonpayment of overtime. Dkt. No. 77. Judge Daniels then adopted this Report and Recommendation. Dkt. No. 78. As the prevailing party, Plaintiffs are entitled to recover reasonable attorneys' fees and costs.

Plaintiffs' counsel, Ria Julien of Julien, Mirer, Singla, & Goldstein PLLC, ("JMSG") submitted an application for reasonable attorneys' fees through a declaration and attached exhibits. Dkt. No. 80. Plaintiffs request that this Court grant attorneys' fees in the amount of $105,825[1], at hourly rates of $600.00 for law partner Jeanne Mirer and $450.00 for law partner Ria Julien. Dkt. No. 85. Plaintiffs seek reimbursement for 205.05 attorney hours in connection with litigating the claims of ten Plaintiffs against three Defendants. Dkt. No. 81. Plaintiffs additionally seek reimbursement in the amount of $2,605.40 for preparing the instant fee application. Julien Decl., Exhibit B, Dkt. No. 80-2. In sum, Plaintiffs request a total of $108,430. Dkt. No. 85.

Defendants have opposed this request, arguing that (i) the hourly rates requested by Plaintiffs are unreasonable and excessive, and (ii) the hours requested by Plaintiffs are unreasonable, unnecessary, and excessive. Dkt. No. 85. Plaintiffs respond that the hours expended and the rates requested are reasonable. Dkt. No. 90.

[1] In their Reply, Plaintiffs note that "Plaintiffs' motion (Dkt. No 81 at page 10) contains a typo. For the avoidance of doubt Plaintiffs seek $105,825 in fees as stated on the billing records, not $108,825 and costs of $2605.40 for a total of $108,430.40 not $111,430.40." Dkt. No. 90.

## II. LEGAL STANDARDS

"Under both the FLSA and the NYLL, a prevailing plaintiff may recover her reasonable attorneys' fees and costs." Najnin v. Dollar Mountain, Inc., 2015 WL 6125436 at *4 (S.D.N.Y., 2015); see 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). Courts have wide discretion to determine the appropriate amount of attorneys' fees. See Barfield v. New York City Health & Hosp. Corp., 537 F.3d 132, 151-52 (2d Cir. 2008). As a general matter, the "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The "lodestar calculation creates a "'presumptively reasonable fee'". Id. (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections, 522 F.3d 182, 183 (2d Cir. 2008). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable and must provide the court with sufficient information to assess the fee application. See Blum v. Stenson, 465 U.S. 886, 897 (1984); New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

For purposes of the lodestar, an attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum, 465 U.S. at 895 n.11. Although the fee applicant has the burden of demonstrating prevailing market rates for comparable work, the court may also apply its "own

knowledge" of rates charged in the community in assessing the reasonableness of the rates sought. See Broome v. Biondi, 17 F. Supp. 2d 230, 237 (S.D.N.Y. 1997); Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987); McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96–7 (2d Cir. 2006).

In Arbor Hill, the Second Circuit emphasized that the "reasonable hourly rate is the rate a paying client would be willing to pay." Arbor Hill, 522 F.3d at 190. In assessing whether an hourly rate is reasonable, the court should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Id. When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the court's discretion to reduce the requested rate. See Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998).

As for the time component of the lodestar, an attorney's stated number of hours should be reduced by the court when it is greater than required to litigate the case effectively or where the attorney's proffered time records are vague or otherwise inadequate to enable the court to determine the reasonableness of the work performed or the time expended. See Seitzman v. Sun Life Assurance Co. of Canada, 311 F.3d 477, 487 (2d Cir. 2002); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, No. 10-CV-05256 (KMW) (DF), 2012 WL 5816878, at *10 (S.D.N.Y. Nov. 14, 2012). In determining whether an excessive amount of time was expended on the matter, the

court may also consider the nature and quality of the work submitted by counsel in connection with the litigation and whether the work was complicated or straightforward. See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

As the party seeking attorneys' fees bears the burden of demonstrating that its claimed fees are reasonable, it must submit, in support of its request for fees, contemporaneous time records that "specify, for each [timekeeper], the date, the hours expended, and the nature of the work done." See Thai-Lao Lignite (Thailand), 2012 WL 5816878, at *3 (quoting Carey, 711 F.2d at 1148) (cleaned up).

In addition to the lodestar amount, attorneys' fees may include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). These expenses, or "costs," may include photocopying, travel, telephone costs, and postage as well as filing fees and reasonable process-server fees. Kuzma v. Internal Revenue Serv., 821 F.2d 930, 933-34 (2d Cir. 1987); Rosendo v. Everbrighten Inc., No. 13cv7256 (JGK) (FM), 2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015), report and recommendation adopted, 2015 WL 4557147 (July 28, 2015).

Finally, "the most critical factor" in a district court's determination of what constitutes reasonable attorneys' fees in a given case "is the degree of success obtained" by the plaintiff. Farrar v. Hobby, 506 U.S. 103, 114; Kassim v. City of Schenectady, 415 F.3d 246, 254 (2d Cir.2005); Pino v. Locascio, 101 F.3d 235, 237–38 (2d Cir.1996).

A district court's assessment of the "degree of success" achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims. See Kassim v. City of Schenectady, 415 F.3d at 254. Both "the quantity and quality of relief obtained," as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved. Carroll v. Blinken, 105 F.3d 79, 81 (2d Cir.1997). Indeed, this comparison "promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'" Farrar v. Hobby, 506 U.S. at 114–15 (quoting Blanchard v. Bergeron, 489 U.S. at 96).

### III. DISCUSSION

Plaintiffs seek $105,825 in attorneys' fees for 205.05 hours of work performed by counsel in connection with this action. Dkt. No. 79. Plaintiffs also seek litigation costs in the amount of $2,605.40. Dkt. No. 79. As discussed below, this Court finds the hourly rates to be reasonable but will reduce the number of hours to disallow duplicative time entries as well as the time spent remedying Plaintiffs' clerical errors. For the following reasons, I recommend that Plaintiffs be awarded an amount of $98,685.00 in attorneys' fees and $2,605.40 in costs.

**A. Reasonable Hourly Rates**

In this case, Plaintiffs have been represented by attorneys Ria Julien, Esq. and Jeanne Mirer, Esq., of the law firm Julien, Mirer, Singla & Goldstein, PLLC ("JMS&G"). Dkt. No. 80.

Ria Julien, a partner at JMS&G, has been litigating FLSA claims since 2014. Dkt. No. 81. Jeanne Mirer, a partner at JMS&G, has been practicing employment law for more than fifty years. Dkt. No. 81. Combined, Plaintiffs' attorneys have almost 30 years of experience in the prosecution of FLSA matters and over 70 years of combined experience concentrating in employment litigation matters generally. Dkt. No. 81. Ms. Julien and Ms. Mirer have handled complex employment litigation matters in the SDNY and EDNY and have brokered multi-party collective actions, in one case resulting in a seven-figure settlement. Dkt. No. 81.

Nearly ten years ago, Ms. Mirer had been approved at a rate of $500 per hour. See Ramirez v. M L Rest., Corp., No. 14-CV-4030 (VEC) (S.D.N.Y. Oct. 27, 2015) (approving a blended rate of $436.17 for Ms. Julien and Ms. Mirer[2]). Ms. Julien requests a fee award at the hourly rate of $450. Dkt. No. 81. Ms. Mirer requests a fee award at the hourly rate of $600. Dkt. No. 81.

Courts in this district have approved hourly rates for partners of $600 per hour in FLSA and NYLL suits. See, e.g., Williams v. Epic Security Corp., 368 F.Supp.3d 651 (S.D.N.Y., 2019) (approving a rate of $600 per hour); see also Raniere v. Citigroup Inc., 310 F.R.D. 211 (S.D.N.Y., 2015) (approving "typical hourly rates [of] $650–950 per hour for partners, $350–600 per hour for associates, and $180 per hour for staff and paralegals."); Guallpa v. N.Y. Pro Signs Inc., 2014 WL 2200393 (S.D.N.Y.,2014) (approving rate for partner Valdi Licul at $600/hour). Hourly rates of $600 have similarly been approved by courts in this District for labor and employment lawsuits.

---

[2] The Court notes that the Ramirez court approved a 1/3 contingency fee and used the lodestar as a cross-check. Nevertheless, the Court finds Ramirez relevant.

See Local 1180, Communications Workers of America, AFL-CIO v. City of New York, 392 F.Supp.3d 361, 380 (S.D.N.Y., 2019) (finding that "an hourly rate of $600 is a reasonable rate" for partner Yetta Kurland). Finally, although the approved rate was not for an FLSA, labor, or employment suit, this Court has recently approved hourly rates for partners as high as $1,950 per hour. See An v. Despins, 2024 WL 1157281 (S.D.N.Y., 2024).

Defendants cite Fujiwara, arguing that "Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." Dkt. No. 85 at 9 (quoting Fujiwara v. Sushi Yasuda Ltd., 58 F.Supp.3d 424, 437 (S.D.N.Y., 2014)). However, that case is now ten years old. Courts in this district have recognized the "need to increase rates over time to keep up with the local legal industry." Martinenko v. 212 Steakhouse, Inc., No. 22-CV-518(JLR)(RWL), 2023 WL 2919559 (S.D.N.Y. Apr. 12, 2023); see, e.g., Clover v. Shiva Realty of Mulberry, Inc., No. 10 CIV. 1702 RPP, 2011 WL 1832581 (S.D.N.Y. May 13, 2011), aff'd sub nom. Clover v. Gobindram, 479 F. App'x 402 (2d Cir. 2012) (summary order).

Furthermore, Defendants argue that associates or attorneys with less experience, and thus cheaper hourly rates, would have been capable of representing Plaintiffs' claims since there are no novel legal issues at hand. Dkt. No. 65. However, the Court notes that the only signatory on Defendants' memorandum of law was Mr. Joseph P. Dineen, Jr., the namesake partner at the Law Offices of Joseph P. Dineen.

<u>See</u> Dkt. No. 58. Defendants cannot pay partners to litigate motions for summary judgment and then insist that Plaintiffs use associates.

Moreover, the Court has put itself into the shoes of a client wishing to pay the minimum amount necessary for quality work product and finds the hourly rates to be reasonable. <u>See</u> <u>Arbor Hill</u>, 522 F.3d at 183. Here, Plaintiffs won a vital partial summary judgement motion. Dkt. No. 77-78.

While it is possible that the case could have been litigated by associates or other firms working at outdated rates, it would not be unreasonable for a paying client to wish that a likely case-determinative motion for summary judgment be handled by partners.

Therefore, the hourly rates of $600 for Ms. Meir and $450 for Ms. Julien are reasonable.

**B. Reasonable Hours**

In support of Plaintiffs' request for attorneys' fees, JMS&G has provided the Court with a copy of its time records (Dkt. No. 81), which were maintained contemporaneously through a system called Timesolv, during the course of the litigation. Plaintiffs are requesting attorneys' fees for 205.05 hours of billed time. Julien Decl. at Ex. A. This Court has reviewed the records submitted by counsel and finds that the stated hours are on the whole reasonable, but will reduce the number of hours to disallow duplicative time entries as well as the time spent remedying Plaintiffs' clerical errors.

First, the Plaintiffs were only required to file objections and brief the Court on the Motion for Reconsideration due to their own clerical error. Those entries must be removed. The Court will therefore subtract 8.2 hours (4 hours for Ms. Mirer and 4.2 hours for Ms. Julien). See Dkt. No. 80-1; Dkt. No. 85 at 12.

Second, as acknowledged by Plaintiffs' counsel, a clerical error led to a duplicate entry for the hours preparing for the deposition of Joseph Z. Dkt. No. 91. Therefore, the Court will reduce Ms. Mirer's hours by six hours. Dkt. No. 80-1 at 2.

Finally, while Defendants object that certain time entries are redacted, those time entries all relate to "discussions" or "calls" with clients and merely redact the particular topics. This protects attorney client confidentiality while providing the Court with enough information to determine the nature of the work performed. Thus, these entries will not be disallowed.

Therefore, the Court subtracts 10 hours from Ms. Mirer and 4.2 hours from Ms. Julien.

**C. Lodestar Calculation**

Using the reasonable rates and hours described above would result in the following lodestar calculation:

| Attorney | Hourly rate | Hours Billed | Total |
|---|---|---|---|
| Ria Julien | $450.00/hour | 105.50 | $47, 475.00 |
| Jeanne Mirer | $600.00/hour | 85.35 | $51,210.00 |
| | | | **Lodestar: $98,685.00** |

This Court finds no exceptional circumstances here that would warrant deviation from the lodestar. See Perdue v. Kenny A. ex rel. Wynn, 559 U.S. 542, 552

(2010). I, therefore, recommend that the Plaintiffs be awarded attorneys' fees in the amount of **$98,685.00.**

### D. Costs

Plaintiffs additionally seek litigation costs in the amount of $2,605.40. <u>See</u> Dkt. No. 80. Plaintiffs bear the burden of demonstrating that the litigation costs sought were reasonably incurred and are properly recoverable from the defaulting Defendants and must provide supporting documentation concerning the requested fees. <u>See</u> <u>Pastor</u>, 2017 WL 5625556, at *9. JMS&G has submitted all underlying documentation supporting the claimed costs. I therefore recommend that the full amount of **$2,605.40** in costs be awarded.

## IV. CONCLUSION

Defendants chose to roll the iron dice on a motion for summary judgment and lost. Defendants must bear the consequences. Therefore, for the reasons stated above, the Court approves the requested award of attorneys' fees in an amount of **$98,685.00** and costs of **$2,605.40**.

**The Clerk of Court is respectfully directed to close Dkt. No. 79.**

SO ORDERED.

Dated: New York, New York
     August 6, 2024

_Jennifer E. Willis_
_____
Jennifer E. Willis
United States Magistrate Judge